UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALICE EADS,

        Plaintiff,

    v.

HOLLAND AMERICA LINE, INC., *et al.*,

        Defendants.

CASE NO. C07-1688 RSM

ORDER GRANTING DEFENDANTS' MOTION TO VACATE ORDER OF DEFAULT

## **I. INTRODUCTION**

This matter comes before the Court on defendants' Motion to Vacate Order of Default. (Dkt. #8). Defendants move to vacate an order of default entered against them by the Clerk of this Court pursuant to Fed. R. Civ. P. 55(c). Defendants argue that they have shown good cause to set aside the entry of default. Plaintiff responds that vacating the order is not warranted because defendants have violated the Court's rules by failing to answer the complaint in a timely manner.

For the reasons set forth below, the Court GRANTS defendants' Motion to Vacate Order of Default.

## **II. DISCUSSION**

**A. Background**

The instant civil action stems from personal injuries sustained by plaintiff Alice Eads ("plaintiff"), when she was on a cruise aboard the M/S Westerdam (the "vessel"). (Dkt. #1,

ORDER
PAGE - 1

Plaintiff's Complaint, ¶¶ 1, 12). On or about November 26, 2006, plaintiff alleges that she entered a sauna on the vessel, and subsequently passed out in the sauna and suffered serious injuries. (*Id.* at ¶ 12). Plaintiff was then airlifted off the vessel and spent many days in intensive care following this incident. (*Id.*). Based on these events, plaintiff filed a lawsuit in this Court on October 18, 2007 against: Holland America Line, Inc., as the booking agent; Holland American Line N.V., as the charterer of the vessel; HAL Antillen N.V., as the owner of the vessel (collectively the "HAL defendants"); and Steiner Management Services ("Steiner"), as the operator and manager of the spa activities on the vessel. (*Id.* at ¶¶ 4-7).

On October 22, 2007, the HAL defendants were served in Washington State with a 20-day summons, and Steiner was served on October 26, 2007 in Florida with a 60-day summons. (Dkts. #2 and #3). Therefore, the HAL defendants were obligated to respond to plaintiff's complaint by November 15, 2007. However, the HAL defendants did not respond by this date.[1] Consequently, plaintiff moved for default and the Clerk of the Court granted plaintiff's motion on Friday, November 16, 2007. (Dkt. #5). The next business day, the defendants filed the instant motion to vacate the entry of default.

**B. Good Cause Standard Under Fed. R. Civ. P. 55(c)**

Fed. R. Civ. P. 55(c) provides that "[f]or good cause shown the court may set aside an entry of default[.]" *Id.* The Ninth Circuit has consistently cited three factors in determining good cause: (1) whether the default was culpable; (2) whether the party in default has a meritorious defense; and (3) whether granting relief would prejudice the opposing party. *See Franchise Holding II, LLC v. Huntington Rests. Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004); *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000); *In re Hammer*, 940 F.2d 524, 525-26 (9th Cir. 1991). If any of the three factors are true, a district court is free to deny a motion to vacate an order of default. *American Ass'n of Naturopathic Physicians*, 227 F.3d at 1108 (citation omitted). Any doubts as to

---

[1] Steiner timely answered plaintiff's complaint on December 7, 2007. (Dkt. #17).

ORDER
PAGE - 2

whether good cause exists should be resolved in favor of the defaulting party because a case should, whenever possible, be decided on the merits. *See TCI GroupLife Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001) (citation omitted).[2]  The moving party bears the burden of showing that the factors favor setting aside the default. *Franchise Holding*, 375 F.3d at 926. Accordingly, the Court discusses each factor below.

### 1. Culpability

When a party's default is the result of inadvertence or neglect, and the conduct was reasonable or excusable, such conduct does not rise to the level of culpability for purposes of setting aside an entry of default. *See, e.g., TCI Group Life Ins. Plan*, 244 F.3d at 697-98 (finding no culpability by defaulting party where the party "offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process"). Neglect generally "encompasses simple, faultless omissions to act and, more commonly, omissions caused by carelessness." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 388, 113 S.Ct. 1489 (1993). Other circuits have held that brief delays in filing are generally considered excusable. *See Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998); *Meehan v. Snow*, 652 F.2d 274, 277 (2d. Cir. 1981). On the other hand, if a defaulting party acts deliberately or intentionally in failing to respond to a complaint, such conduct clearly rises to the level of culpability. *See, e.g., Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988) (holding that the district court did not abuse its discretion to deny motion to set aside default when party's intentional failure to appear and answer constituted culpable conduct).

In the case at bar, it is indisputable that the HAL defendants did not file their answer in a timely fashion. Nevertheless, the HAL defendants contend that this was an honest mistake

---

[2] Although the *TCI Group Life Ins. Plan* case addressed whether a defaulting party could vacate an entry of default under Fed. R. Civ. P. 60(b), the court expressly held that "the 'good cause' standard that governs the lifting of *entries* of default under Fed. R. Civ. P. 55(c) govern[s] the vacating of a default *judgment* under [Fed. R. Civ. P.] 60(b) as well." *Id.* (emphasis added).

ORDER
PAGE - 3

because Steiner had agreed to assume the defense of the HAL defendants. (Dkt. #8 at 5).

Moreover, the HAL defendants argue that because Steiner did not receive a copy of the 20-day summons sent to the HAL defendants, but rather the 60 day summons, the HAL defendants did not respond, assuming that Steiner would respond within the time provided. (*Id.*). Given these facts, the Court concludes that the conduct of the HAL defendants does not rise to the level of culpability for purposes of Fed. R. Civ. P. 55(c). Their failure to file an answer was based on the reasonable and honest belief that Steiner had agreed to indemnify the HAL defendants and assume full defense of this action. Steiner had no notice that the HAL defendants had received a different summons that it did. In addition, once the HAL defendants learned that an Order of Default was entered into against them, they obtained counsel and filed the instant motion the very next business day. (Dkt. #8); (Dkt. #9, Decl. of Jeanie Ogden, ¶ 6). Ultimately, neither Steiner nor the HAL defendants engaged in conduct seeking to intentionally mislead the plaintiff, interfere with this Court's decisionmaking, or otherwise manipulate the legal process. Therefore this factor weighs in favor of setting aside the entry of default.

**2. Meritorious Defense**

When a meritorious defense exists, any doubts should be resolved in favor of the motion to set aside the default, so that cases may be decided on their merits. *See Mendoza v. Wright Vineyard Mgmt.*, 783 F.2d 941, 945-46 (9th Cir. 1986). The defaulting party must present specific facts that would constitute a defense. *TCI Group Life Ins. Plan*, 244 F.3d at 700; *Franchise Holding*, 375 F.3d at 926. The test is not whether there is a likelihood that the defaulting party will prevail on the defense, but rather whether a defense is proposed that is legally cognizable and would constitute a complete defense to the claims. *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90. 98 (2d. Cir. 1993); *Berthelsen v. Kane*, 907 F.2d 617, 621-22 (6th Cir. 1990).

Here, the HAL defendants argue that they have a meritorious defense because Steiner was an independent contractor and operator of the sauna in which plaintiff was injured. The plaintiff's own complaint acknowledges this fact. (Dkt. #1, Plaintiff's Complaint, ¶ 7). The

ORDER
PAGE - 4

1  HAL defendants further contend that under maritime law, charterers and owners of a vessel
2  are generally not liable for the acts of independent contractors. (Dkt. #8 at 6) (*citing*
3  *Evergreen Inter., S.A. v. Marinex Const. Co.*, 477 F. Supp. 2d 690 (D.S.C. 2007)). The HAL
4  defendants also submit facts that indicate the sauna was in working order, and that the sauna
5  alarm system had just been tested and was in full working order. (Dkt. #9, Decl. of Jeanie
6  Ogden, ¶ 3). As a result, the HAL defendants have presented sufficient facts and arguments
7  to establish a meritorious defense.

### 3. Prejudice

9   To be prejudicial, the setting aside of a judgment must result in greater harm than
10  simply delaying the resolution of the case. *TCI Group Life Ins. Plan*, 244 F.3d at 701.
11  Merely being forced to litigate on the merits cannot be considered prejudicial. *Id.* Rather,
12  prejudice arises when tangible harm results, such as loss of evidence, increased difficulties in
13  discovery, or greater opportunity for fraud or collusion. *See Thompson v. American Home*
14  *Assurance*, 95 F.3d 429, 433-34 (6th Cir. 1996); *FDIC v. Francisco Inv. Corp.*, 873 F.2d
15  474, 479 (1st Cir. 1989).

16  The only prejudice plaintiff can potentially show in this case is a slight delay in the
17  resolution of the case. Indeed, plaintiff does not proffer any reasons in her responsive brief
18  indicating how or why setting aside the entry of default would be prejudicial. The litigation is
19  at its infancy stage, and the Court cannot find any tangible harm to plaintiff other than denying
20  plaintiff her ability to move for a default judgment. Under these circumstances, the Court
21  finds that this factor cuts in favor of granting defendants' motion.

22  Overall, the good cause standard imposed by Fed. R. Civ. P. 55(c) and its
23  corresponding case law provides the Court with sufficient justification to vacate the initial
24  entry of default. All three factors support defendants' position. Thus, defendants' motion
25  shall be granted.

### III. CONCLUSION

27  Having reviewed defendants' motion, plaintiff's response, defendants' reply, the
28  declarations and exhibits attached thereto, and the remainder of the record, the Court hereby

ORDER
PAGE - 5

finds and ORDERS:

(1) Defendants' Motion to Vacate Order of Default (Dkt. #8) is GRANTED and the Order of Default dated November 15, 2007 (Dkt. #5) shall be VACATED. The Court shall issue an "Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement," and the litigation shall proceed on the merits.

(2) The Clerk is directed to forward a copy of this Order to all counsel of record.

DATED this 18th day of January, 2008.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 6